# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| JAMES M. CHARGOIS | CIVIL ACTION NO.6:16-CV-1644 |
|     LA. DOC #128637 | |
| VS. | SECTION P |
| | JUDGE REBECCA F. DOHERTY |
| JASON KENT | MAGISTRATE WHITEHURST |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

*Pro se* petitioner James M. Chargois ("Chargois") filed the instant petition for federal *habeas corpus* relief on November 28, 2016. Petitioner is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Dixon Correctional Institute in Jackson, Louisiana, where he is serving a fifty year sentence imposed by the Sixteenth Judicial District Court for Iberia Parish, Louisiana, following his 1996 conviction for attempted second degree murder and second degree battery.

On April 11, 2017, this Court recommended dismissal of petitioner's claims for lack of jurisdiction, as he had previously filed a federal petition for habeas corpus in which he attacked his 1996 conviction and sentence. [Rec. Doc. 14] Petitioner filed an Objection to the Report and Recommendation on April 28, 2017, notifying the Court that on October 26, 2016, the United States Fifth Circuit Court of Appeal determined that it was "unnecessary" to request permission to file the instant petition, as it seeks to challenge restrictions placed upon his ability to earn good time credits and was not a challenge to the conviction or sentence. [Rec. Doc. 15-1, p. 21] Accordingly, petitioner argues that there are no barriers to

his ability to proceed herein. [Rec. Doc. 15] Accordingly, this Court has performed a thorough review of his filings. Pursuant to this review, this Court has determined that contrary to his claim that he has exhausted all state court remedies, he has not, in fact, done so. For the following reasons it is recommended that the petition be **DISMISSED** for failing to exhaust available State Court remedies.

*Background*

On September 4, 1996, petitioner was tried and convicted of attempted second degree murder before a jury in the 16th Judicial District Court, Parish of Iberia, under Docket Number 96-CR-36. [Rec. Doc. 1-3, p. 2] Sentencing on that matter occurred on October 1, 1996, where a sentence of 50 years was imposed, to run consecutive with a 5 year probated sentence for simple battery. *Id.*

Petitioner claims that while incarcerated in December 2015, LSU Law Professor Robert Lancaster, who was representing him on matters pertaining to a parole hearing, provided him with a copy of an October 6, 2015 rap sheet which evidenced that he was not receiving good time credits, contrary to his prior understanding. [Rec. Doc. 1, pp. 5-6] Plaintiff asserts that shortly after he learned of the situation, he attempted to resolve the matter through correspondence on January 4, 2017. *Id.* at p. 8.

After an unsuccessful attempt to resolve the matter, petitioner filed a petition for writ of *habeas corpus* in the 20th Judicial District Court, Docket Number 16-CR-127, on February 16, 2016. In that petition he asserted that his sentence was illegal and unconstitutional. [Rec.

Doc. 1-3, pp. 1-17] That petition was ultimately denied, with the notation, "Denied. Proper service was not requested or made. 2-22-16." [Rec. Doc. 1-3, p. 18]

Thereafter, he filed an Application for Supervisory Writs of Review in the First Circuit Court of Appeals. [Rec. Doc. 1-3, pp. 36-42] On March 22, 2016, the First Circuit returned the *unfiled* documents, instructing plaintiff that:

> ...they appear to be more properly filed or more properly directed to another court. Iberia Parish is not within our jurisdiction of the Court of Appeal, 1st Circuit. If you wish to request relief for the failure of the lower court to act on the motion filed in your case, you may submit a writ application that makes such request, and you should include a copy of said motion in which you filed with the Iberia parish Clerk of Court and indicate the filing date and you may file that application with the Third Circuit Court of Appeal.

Rec. Doc. 1-3, p. 43

Petitioner did not re-file in the Third Circuit; he instead filed an Application for "Supervisory Writs of Review of Louisiana First Circuit Court of Appeals Refusal to Consider Writ Application" in the Louisiana Supreme Court. [Rec. Doc. 1-3, pp. 44-54] The Louisiana Supreme Court did not consider petitioner's application, citing La.S.Ct. Rule X § 5(b), as "petitioner has not sought review in the court of appeal before filing in this Court nor shown the 'extraordinary circumstances' that would justify bypassing that level of review.' [Rec. Doc. 1-3, p. 55]

*Law and Analysis*

State prisoners, such as petitioner, may seek review of their custody under the federal

3

*habeas corpus* statutes pursuant to 28 U.S.C. §§2241 and 2254. Generally, *habeas* petitions filed pursuant to Section 2241 challenge the manner in which a sentence is executed, or attack the legality of prisoner's custody prior to conviction whereas Section 2254 provides the means to collaterally attack a state court conviction and sentence. *See*, *e.g., Prieser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (recognizing that the specific remedy found in 28 U.S.C. § 2254 is recognized as the exclusive avenue for challenging the legality of a state court conviction); *Carmona v. Andrews*, 357 F.3d 535, 537 (5th Cir.2004) (distinguishing the jurisdiction conferred under § 2241 and § 2254 for purposes of venue); *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir.2000) (distinguishing mechanisms for post-conviction relief under § 2241 and § 2255).

The requirement of exhaustion of state court remedies in a federal *habeas corpus* proceeding filed pursuant to 28 U.S.C. §2254 is well established. A petitioner seeking federal *habeas corpus* relief cannot collaterally attack his state court conviction in federal court until he has exhausted available state remedies. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198 (1982); *Minor v. Lucas,* 697 F.2d 697 (5th Cir. 1983). The exhaustion requirement is a judicial abstention policy developed "to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509 (1971); *Shute v. Texas,* 117 F.3d 233 (5th Cir. 1997). In order to satisfy the exhaustion requirement, the petitioner must have provided all state courts that could review

the matter with a fair opportunity to review all of his *habeas corpus* claims before a federal court will review those claims. *Anderson v. Harless*, 459 U.S. 4, 103 S.Ct. 277 (1982); *Picard*, 404 U.S. 270. The exhaustion requirement was written into the statute with the passage of the AEDPA. See 28 U.S.C. §2254(b).

With regard to *habeas* petitions filed under 28 U.S.C. §2241 by state prisoners, there is no express statutory requirement that the inmate exhaust state court remedies prior to asserting his claims in federal court. However, the jurisprudence requires persons seeking such relief pursuant to §2241 to first exhaust state court remedies before seeking federal intervention. *See Dickerson v. Louisiana,* 816 F.2d 220, 225 (5th Cir.), *cert. denied*, 484 U.S. 956 (1987); *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 489-90, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *Robinson v. Wade*, 686 F.2d at 303, n. 8 ("Although section 2241 contains no statutory requirement of exhaustion like that found in section 2254(b), exhaustion of state remedies has been held a necessary prelude to its invocation.")

Plaintiff has asserted that he is not attempting to collaterally attack his prior Louisiana convictions. Instead, petitioner seeks to have good time credits restored and applied to his current incarceration. In so doing, he implies that his continued detention is in violation of the Constitution and laws of the United States. Accordingly, while he filed the instant petition pursuant to 2254, the Court will construe it under 2241. However, before he can litigate his federal Constitutional claims in this Court he must first exhaust available state court remedies, or demonstrate the absence of such remedies before he can proceed.

Before petitioner can invoke the *habeas* jurisdiction of this Court, he must first litigate his claim in the proper Louisiana District Court and thereafter, if unsatisfied, he must then invoke the supervisory jurisdiction of the *appropriate* Court of Appeal and thereafter, the Louisiana Supreme Court if necessary. The presumptively reliable published jurisprudence of the State of Louisiana indicates that, while he may have *attempted* exhaustion, petitioner clearly failed to exhaust the available court remedies provided by Louisiana law. He has also failed to demonstrate the absence of such remedies.

Therefore,

**IT IS RECOMMENDED** that this *habeas corpus* petition (28 U.S.C. §2241) be **DISMISSED WITHOUT PREJUDICE** because petitioner failed to exhaust available State court remedies.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual**

findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed in Chambers, Lafayette, Louisiana, on May 24, 2017.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE